Feb 02 2010 12:11PM   DAVIDSON&KITZMANN    4342200011

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
Charlottesville
MAR 24 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN M. DONNELLY, TOWER ANALYSIS INC., NASCO TANG CORP., and NADIA CAPITAL CORP.,<br><br>Defendants, and<br><br>BLUE LOGIC OPERATING PARTNERS LP, NADIA CAPITAL OPERATING PARTNERS LP, and DEBORAH B. DONNELLY,<br><br>Relief Defendants. | CIVIL ACTION NO.: 3:09CV00016<br><br>CONSENT ORDER AND JUDGMENT FOR DISGORGEMENT AND CIVIL MONETARY PENALTY AGAINST DEFENDANTS JOHN M. DONNELLY, TOWER ANALYSIS INC., NASCO TANG CORP. AND NADIA CAPITAL CORP. AND DISGORGEMENT AGAINST RELIEF DEFENDANTS BLUE LOGIC OPERATING PARTNERS LP, NADIA OPERATING PARTNERS LP AND DEBORAH B. DONNELLY |

On March 11, 2009, Plaintiff U.S. Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against John M. Donnelly, Tower Analysis Inc., Nasco Tang Corp., and Nadia Capital Corp. (collectively, "Defendants") and Blue Logic Operating Partners LP, Nadia Operating Partners LP and Deborah B. Donnelly (collectively, "Relief Defendants"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 et seq. (2006), and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 et. seq. (2008). The Relief Defendants are not charged with any violation of law but with having obtained funds or the benefit of funds to which they are not entitled and which were derived from the Defendants' violations of the Act.

Also on March 11, 2009, the Court entered an *Ex Parte* Statutory Restraining Order against the Defendants and Relief Defendants ("SRO"). A Consent Order of Preliminary

Injunction and Other Ancillary Relief was entered against the Defendants and Relief Defendants on March 23, 2009, which continued the SRO's freeze of assets under the control of the Defendants and Relief Defendants and prohibition against the destruction of documents by the Defendants.

On July 1, 2009, the Court entered the Consent Order of Permanent Injunction and Other Equitable Relief Against Defendants John M. Donnelly, Tower Analysis Inc., Nasco Tang Corp., and Nadia Capital Corp. ("July 1 Order") that enjoins them from further violations of the Act and Regulations, as alleged in the Complaint. The July 1st Order also requires the Defendants to pay restitution, disgorgement of ill-gotten gains and civil monetary penalties ("CMP[s]"), in amounts to be determined. This Consent Order and Judgment for Disgorgement and Civil Monetary Penalty Against Defendants and Disgorgement Against Relief Defendants ("Consent Order") sets out the amount of disgorgement and CMP to be paid by the Defendants and the disgorgement to be made by the Relief Defendants.

I.

## CONSENTS AND AGREEMENTS

1. To effect settlement of the matters alleged in the Complaint in this action without a trial on the merits or any further judicial proceedings, defendants John M. Donnelly ("J. Donnelly"), Tower Analysis Inc., Nasco Tang Corp., and Nadia Capital Corp. and relief defendants Blue Logic Operating Partners LP, Nadia Operating Partners LP, and Deborah B. Donnelly ("D. Donnelly") consent to the entry of this Consent Order.

2. Defendants and Relief Defendants admit that this Court has jurisdiction over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall

2

Feb 02 2010 12:12PM   DAVIDSON&KITZMANN                    4342200011                    P.4

appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order there under.

3. Defendants and Relief Defendants admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (2006), in that certain of the acts and practices alleged in the Complaint occurred in this District.

4. Defendants and Relief Defendants waive: (a) any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), relating to or arising from this action; (b) and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121 §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007); (c) any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a CMP or any other relief; and (d) any and all rights of appeal from this action.

5. Defendants and Relief Defendants agree that neither Defendants, Relief Defendants nor any of their agents or employees under any of their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or findings or conclusions in the July 1, 2009 Order or this Consent Order or creating, or tending to create, the impression that the Complaint or the July 1, 2009 Order or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect the Defendants' or the Relief Defendants' (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendants and Relief Defendants shall take all necessary steps to ensure that all of their agents and employees

FEB 02 2010 10:21                             4342200011          PAGE.04

understand and comply with this agreement.

6. Defendant J. Donnelly and relief defendant D. Donnelly affirm that they have read and agree to this Consent Order voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order, other than as set forth specifically herein.

7. Defendant J. Donnelly affirms that as sole principal and owner of defendants Tower Analysis Inc., Nasco Tang Corp., which is general partner of relief defendant Blue Logic Operating Partners LP, and Nadia Capital Corp., which is general partner of relief defendant Nadia Operating Partners LP, he has read and agrees to this Consent Order voluntarily on behalf of Tower Analysis Inc., Nasco Tang Corp., Nadia Capital Corp., Blue Logic Operating Partners LP and Nadia Operating Partners LP, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order, other than as set forth specifically herein.

8. Defendants and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

9. Defendants and Relief Defendants consent to the continued jurisdiction of this Court in order to implement and carry out the terms of all orders and decrees that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to assure compliance with the July 1 Order and this Consent Order.

10. No provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendants and Relief Defendants in any other proceeding.

## II.

## EQUITABLE RELIEF

IT IS FURTHER ORDERED THAT:

A.   DISGORGEMENT

1. Defendants J. Donnelly, Tower Analysis Inc., Nasco Tang Corp., and Nadia Capital Corp., and relief defendants Blue Logic Operating Partners LP and Nadia Operating Partners LP, jointly and severally, shall disgorge the amount of $3,768,792 ("Disgorgement Obligation"). The Disgorgement Obligation in this matter shall be reduced by the amount of restitution that defendant J. Donnelly pays in the related criminal proceeding, styled *United States v. John Mark Donnelly, Case No. 3:09-CR-00015 (W.D.Va.)*.

2. Defendant J. Donnelly and relief defendant D. Donnelly shall make best and reasonable efforts to sell the real property located at 1520 Church Plains Drive, Charlottesville, Virginia 22903 ("the Church Plains Property") at fair market value no later than August 30, 2010;

   a. Prior to closing of the sale, defendant J. Donnelly and relief defendant D. Donnelly shall make full and timely payments for any mortgage, insurance and taxes and generally maintain the Church Plains Property in good repair. Defendant J. Donnelly and relief defendant D. Donnelly shall be given a limited opportunity to cure any inadvertent failure to timely make any required mortgage, insurance or tax payment. Upon receipt of notice that any such payment has not been received by the mortgage company, insurance carrier or taxing authority, defendant J. Donnelly and relief defendant D. Donnelly shall have seven days to cure the failure by making full payment along with any costs or fees imposed as a result of the failure;

5

    b.    Prior to closing of the sale, the contract for sale of the Church Plains Property must be approved in writing by counsel for the Commission;

    c.    Upon settlement of the sale of the Church Plains Property, defendant J. Donnelly and relief defendant D. Donnelly shall disgorge from the net proceeds of such sale, following payment of any mortgage and reasonable transaction costs, the following:

- The sum of $182,000 or the entire amount of net proceeds, whichever is less; and
- Fifty percent (50%) of any net proceeds exceeding $182,000. Defendant D. Donnelly shall be entitled to the other fifty percent (50%) of any net proceeds exceeding $182,000.

    d.    Such disgorged proceeds shall be transferred to the custody of the Clerk of this Court, within thirty (30) days of the closing of the sale of the Church Plains Property. The Clerk of the Court shall apply the transferred funds to the restitution judgment in *Unites States v. John Mark Donnelly*, 3:09-CR-00015 (W.D. Va.).

    e.    In the event that defendant J. Donnelly and relief defendant D. Donnelly fail to complete the sale of the Church Plains Property by midnight, August 30, 2010 or fail to comply with any other provision of this Consent Order, defendant J. Donnelly and relief defendant D. Donnelly shall consent to, and the United States Attorney for the Western District of Virginia may initiate, such action as is appropriate under the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. 3001, *et seq.*, and exercise its right to sell the Church Plains Property for purposes of enforcing the restitution judgment in the case of *United States v. John Mark Donnelly*, 3:09CR00015 (W.D. Va.). Defendant J. Donnelly and relief defendant D. Donnelly shall cooperate with the United States

Attorney and execute such documents as may be necessary for such sale and the proceeds shall be distributed as set forth in subparagraphs A.2.c. and A.2.d. above.

3. Defendants and Relief Defendant D. Donnelly shall accompany any payment made to satisfy the requirements of Paragraph II.A. of this Order or the restitution judgment in *United States v. John Mark Donnelly*, 3:09CR00015 (W.D. Va.) with a cover letter that identifies the payor and the name and docket number of this proceeding and a copy of the form of payment to the (a) Director, Division of Enforcement, Commodity Futures Trading Commission, at Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

B.   **CIVIL MONETARY PENALTY**

1. Defendants, jointly and severally, shall pay a CMP in the amount of $886,323.29, plus post judgment interest ("CMP Obligation").

2. Post-judgment interest shall accrue beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

3. Defendants shall pay the CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made by other than electronic funds transfer, Defendants shall make the payment payable to the U.S. Commodity Futures Trading Commission and send it to the following address:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attention: Marie Bateman – AMZ-300
> DOT/FAA/MMAC
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169
> Telephone: 405-954-6569

7

If the payment is to be made by electronic funds transfer, Defendants shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany the payment of the CMP Obligation with a cover letter that identifies the payer and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the (a) Director, Division of Enforcement, Commodity Futures Trading Commission, at Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581; and (b) Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

C. **FROZEN ASSETS**

1. In conjunction with Defendant J. Donnelly's guilty plea in the case of *United States v. John Mark Donnelly*, 3:09CR00015 (W.D. Va.), he and relief defendant D. Donnelly have previously agreed to the entry of writs of execution and garnishment as to the assets listed in Addendum A, hereto. Nothing in this Consent Order shall effect or interfere with the final orders of execution and garnishment issued in Case No. 3:09CR00015 (W.D.Va.).

2. Bank of America is hereby authorized and directed to transfer to the custody of the Clerk of this Court, within thirty (30) days of service of this Consent Order, the amount of funds held in the following accounts at the time of service upon Bank of America of this Court's March 11, 2009, SRO:

- Acct. No. ********8888 in the name of Nasco Tang Corp.; and
- Acct. No. ********1947 in the name of Nasco Tang Corp.

3. Transfer of such funds by Bank of America should be made by check payable to: CLERK, U.S. DISTRICT COURT, and mailed to: Post Office Box 1234, Roanoke, Virginia 24006. Payment shall be accompanied by a cover letter identifying the bank by name, setting

8

forth the title and civil action number of this action and the name of this Court and specifying that payment is made pursuant to this Consent Order. The bank shall simultaneously transmit photocopies of such payment and letter to the CFTC's counsel in this action. The Defendants shall provide full cooperation in ensuring that the Clerk of this Court receives these funds.

4. The Clerk of the Court shall apply the transferred funds to the restitution judgment in *Unites States v. John Mark Donnelly*, 3:09-CR-00015 (W.D.Va.).

5. Except as to those assets listed in Addendum A hereto and except as provided in subparagraphs II.A.2. and II.C.1., 2. and 3., above, the prohibitions against the transfer, dissipation and disposal of assets, and the related directives to financial institutions and others, set forth in this Court's March 11, 2009 Statutory Restraining Order and continued in the March 23, 2009 Preliminary Injunction shall be lifted upon entry of this Consent Order.

D. PRIORITY OF MONETARY SANCTIONS AND PARTIAL PAYMENTS

1. All payments by Defendants or Relief Defendants pursuant to this Consent Order shall first be applied to satisfaction of the Disgorgement Obligations. After satisfaction of the Disgorgement Obligations, payments by Defendants pursuant to this Consent Order shall be applied to satisfy the CMP Obligation.

2. J. Donnelly's payment of restitution as part of the criminal sentence he receives in the case of *United States v. John Mark Donnelly*, 3:09CR00015 (W.D. Va.), shall have priority over payment of the CMP Obligation imposed herein.

2. Any acceptance of partial payment of Defendants' or Relief Defendants' Disgorgement Obligations and/or CMP Obligation shall not be deemed a waiver of Defendants' or Relief Defendants' requirement to make further payments pursuant to this Consent Order, or a waiver of the Plaintiff's right to seek to compel payment of any remaining balance.

9

E.  COOPERATION

Defendants and Relief Defendants shall cooperate fully with the Commission and any government agency seeking to enforce the disgorgement and civil monetary provisions of the Consent Order by providing any requested information relating to their financial status including, but not limited to, income and earnings, financial statements, asset transfers and tax returns.

F.  EQUITABLE RELIEF PROVISIONS

The equitable relief provisions of this Consent Order shall be binding on Defendants, Relief Defendants and any person who is acting in the capacity of officer, agent, employee, servant or attorney of Defendants or Relief Defendants, and any person acting in concert or participation with Defendants or Relief Defendants who receives actual notice of this Consent Order by personal service or otherwise.

### III.
### MISCELLANEOUS PROVISIONS

1. If any provision of this Consent Order or the application of any provision or circumstance is held invalid, the remainder of this Order, and the application of the provision to any other person or circumstance, shall not be affected by the holding.

2. This Court shall retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees, including orders setting the appropriate amounts of disgorgement and civil monetary penalty, that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to assure compliance with the Consent Order.

3. J. Donnelly is the sole principal and controlling person of Tower Analysis Inc., Nasco Tang Corp., which is general partner of relief defendant Blue Logic Operating Partners LP, and Nadia Capital Corp., which is general partner of relief defendant Nadia Operating

10

Feb 02 2010 12:13PM   DAVIDSON&KITZMANN         4342200011              p.12

Partners LP, and, therefore, has the authority to sign and consent to this Consent Order on behalf of Tower Analysis Inc., Nasco Tang Corp., and/or Nadia Capital Corp. and relief defendants Blue Logic Operating Partners LP and Nadia Operating Partners LP.

4. In the event that J. Donnelly changes his residential or business telephone number(s) and/or address(es) at any time, he shall provide written notice of the new number(s) and/or address(es) to the Commission within ten calendar days thereof.

5. There being no just cause for delay, the Clerk of the Court shall enter final judgment against defendants J. Donnelly, Tower Analysis Inc., Nasco Tang Corp., and Nadia Capital Corp. and the relief defendants Blue Logic Operating Partners LP and Nadia Operating Partners LP forthwith and without further notice.

IT IS SO ORDERED.

DATED: MARCH 24, 2010

GLEN E. CONRAD
UNITED STATES DISTRICT JUDGE